UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

BRANDI B. FREDERICK,

     Plaintiff,

v.

                                  Case No. 3:16cv35-MCR/EMT

JUDY C. LAFONT, individually,
and as PERSONAL
REPRESENTATIVE OF THE
ESTATE OF WILLIAM L.
LAFONT, JR., RESORTQUEST
REAL ESTATE OF FL, INC.,
INDIGO CONDOMINIUM
ASSOCIATION, INC., and
DANNY HEAD,

     Defendants.

                                /

## ORDER

Plaintiff Brandi Frederick filed suit in Circuit Court for Escambia County, Florida against Judy LaFont, ResortQuest Real Estate of Florida (ResortQuest), Indigo Condominium Association (Indigo), and Danny Head alleging that they fraudulently misrepresented the true square footage and value of a condominium Plaintiff purchased in 2011. Defendants Danny Head and ResortQuest removed the action to this Court under federal question jurisdiction. Plaintiff then filed the pending Motion to Remand (ECF No. 15), in which she asserts that Head and ResortQuest failed to obtain the consent of all defendants to removal. Having fully

reviewed the arguments and filings, the Court finds that Plaintiff's Motion should be **DENIED**.

## Background

Plaintiff's suit stems from alleged fraudulent misrepresentations made by the Defendants regarding the true square footage of a condominium unit Plaintiff purchased from William and Judy LaFont in 2011. Plaintiff further alleges that the Defendants engaged in a pattern of wire fraud regarding the square footage of her condominium and others within the same complex, in violation of the RICO statute. Defendants ResortQuest and Head filed Notice of Removal on January 27, 2016. The Notice indicated that counsel for ResortQuest and Head had conferred with and obtained LaFont's consent to removal. However, the Notice was not signed by counsel for LaFont, nor did it indicate that Defendant Indigo consented to removal. LaFont and Indigo subsequently filed notices of consent to removal on March 3, 2016, and March 10, 2016, respectively.

## Discussion

Plaintiff argues that because the Notice of Removal was not signed by Indigo and LaFont, and because Indigo and LaFont failed to timely file their consent to removal, Defendants failed to comply with the unanimity rule, and thus remand must be granted. The rule of unanimity requires:

> When a civil action is removed solely under section 1441(a) [original jurisdiction], all defendants who have been properly joined and served must join in or consent to the removal of the action.

18 U.S.C. §1446(2)(A). Plaintiff relies on decisions from outside the Eleventh Circuit to support her argument that a defendant's consent to removal must be expressed through joining the Notice of Removal or filing a notice of consent within 30 days of the defendant's date of service. *See Hurt v. District of Columbia et al,* 869 F. Supp. 2d 84, 86 (D.D.C. 2012); *Aguilar v. Evans*, 607 F. Supp. 1418, 1420 (E.D. Va. 1985); *Granovsky v. Pfizer, Inc.*, 631 F. Supp. 2d 554 (D.N.J. 2009). The Eleventh Circuit, however, has rejected such a formalistic application of the unanimity rule. In *Stone v. Bank of New York Mellon, N.A.*, the Court held that a "technical defect related to the unanimity requirement may be cured by opposing a motion to remand prior to the entry of summary judgement." 609 Fed. Appx. 979, 981 (11th Cir. 2015), citing *Esposito v. Home Depot U.S.A., Inc.*, 590 F.3d 72, 77 (1st Cir. 2009) (assuming defendant failed to consent to removal within 30 days, defendant's subsequent opposition to remand cured the defect by "clearly communicating its desire to be in federal court"). Subsequently, courts within this Circuit applying *Stone* have rejected similar challenges to unanimity rule compliance when the defendants have expressed their consent to removal prior to summary judgment. *See e.g. Bank of America N.A. v. Zaskey*, No. 9:15-CV-81325, 2016 WL

285156 at *4 (S.D. Fla. Jan. 25, 2016); *Govan v. Yale Carolinas, Inc.*, 114 F.Supp. 3d 1183, 1189 (N.D. Ala. 2015).

ResortQuest and Head assert that their Notice of Removal complied with the unanimity rule because at the time of removal they had obtained the explicit consent of LaFont's counsel and Indigo had not yet been served. Regardless, even assuming that that the Notice failed to technically comply with the rule of unanimity, LaFont and Indigo have cured any defects in removal by filing notices of consent (ECF No. 17; ECF No. 21). Thus, Plaintiff's Motion to Remand (ECF No. 15) is **DENIED.**

**DONE and ORDERED** this 27th day of May, 2016.

*M. Casey Rodgers*

**M. CASEY RODGERS**
**CHIEF UNITED STATES DISTRICT JUDGE**