# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
## PENSACOLA DIVISION

**BRANDI B. FREDERICK,**

    **Plaintiff,**

**v.**

                                 **Case No. 3:16-CV-00035-MCR-EMT**

**JUDY C. LAFONT, individually,
and as PERSONAL
REPRESENTATIVE OF THE
ESTATE OF WILLIAM L.
LAFONT, JR., RESORTQUEST
REAL ESTATE OF FL, INC.,
INDIGO CONDOMINIUM
ASSOCIATION, INC., and
DANNY HEAD,**

    **Defendants.**

                                         /

## ORDER

Plaintiff Brandi Frederick filed suit against Judy LaFont, ResortQuest Real Estate of Florida, LLC ("ResortQuest"), Indigo Condominium Association ("ICA"), and Danny Head alleging that they made fraudulent misrepresentations in connection with the sale of a condominium to Plaintiff in 2011. Pending before the Court is Plaintiff's Motion to Remand, ECF No. 46. Having fully considered the motion, the Court finds that the motion should be granted.

## I. Background

Indigo Condominiums is a condominium complex, located in Escambia County, Florida. Defendant ICA is a not-for-profit corporation that serves as the condominium association for Indigo. Defendant Judy LaFont and her late husband William LaFont owned unit 2003W at Indigo Condominiums from May 2006 until August 2011, when they sold the unit to Brandi Frederick. Defendant ResortQuest advertised the unit online and served as a broker for the transaction, and Defendant Danny Head was an agent of ResortQuest.

Plaintiff alleges that Defendants made a series of misrepresentations regarding unit 2003W. Specifically, she alleges that the purchase contract stated that the unit was 1,997 square feet, when in fact the unit is only 1,769 sq. ft. She alleges that the same misrepresentation as to square footage was contained in online advertisements made by ResortQuest, in "condominium documents" maintained by ICA, and in emails Head sent to Plaintiff. Plaintiff asserts that Defendants knew that these square footage figures were false, because of an on-going, class action lawsuit, *Charles Moran, et al v. Indigo, LLC et al*, 2007 CA 000664. That suit, which was filed in 2007 in Escambia County Circuit Court, was brought by owners of condominium units in the Indigo complex, alleging that marketing materials, brochures, and recorded condominium documents overstated the square footage of the units. Relatedly, Plaintiff contends that Defendants were aware of this litigation,

yet fraudulently misrepresented to Plaintiff in oral statements, emails, and a contract addendum that they were unaware of any pending litigation that could affect the value of the unit.

Plaintiff originally filed the case in the Circuit Court for Escambia County. Defendants removed the action to this Court on January 1, 2016, ECF No. 1. Subsequently, the Court granted Defendants' Motion to Dismiss Plaintiff's First Amended Complaint, ECF No. 35. Pursuant to that Order, Plaintiff's federal RICO claim, *see* 18 U.S.C. § 1962(a), was dismissed with prejudice. Plaintiff was given leave to amend the remaining counts, including claims brought under both state and federal law, in order to comply with federal pleading requirements.

Following the Court's Order, Plaintiff filed a Second Amended Complaint, ECF No. 45, which only contains state law claims. Plaintiff then moved to remand the case to state court, arguing that the Court lacks jurisdiction under 28 U.S.C. § 1447(c) because no federal claims remain in the action and that the Court should decline to exercise supplemental jurisdiction pursuant to § 1367.

## II. Legal Standard

Any civil case filed in state court may be removed to federal court by the defendant if the case could have been brought originally in federal court. *See* 28 U.S.C. § 1441(a); *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). A removing defendant has the burden of establishing both federal jurisdiction and

compliance with the procedures for removal set forth in 28 U.S.C. § 1446, as a matter of fact and law. *See Leonard v. Enterprise Rent A Car*, 279 F.3d 967, 972 (11th Cir. 2002); *Perez v. AT&T Co.*, 139 F.3d 1368, 1373 (11th Cir. 1998). Because removal is a statutory right it "should be construed strictly in favor of state court jurisdiction." *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941); *see also University of Southern Alabama v. American Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999); *Pacheco de Perez v. AT&T Co.*, 139 F.3rd 1368, 1373 (11th Cir. 1998).

To establish jurisdiction over a case in federal court, there must be diversity of citizenship or federal question jurisdiction. 28 U.S.C. § 1331. Federal question jurisdiction exists when the action "aris[es] under the Constitution, laws, or treaties of the United States." *Id.* Generally, a case "arises under" federal law when: "(1) the cause of action was created by federal law; (2) the state cause of action is really one of federal law; or (3) a substantial, disputed question of federal law is a necessary element of the well-pleaded state claim." *Najiy v. City of Miami*, 980 So. 2d 1157, 1161 (Fla. 3rd DCA 2008) (citing *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 8–13 (1983)). After removal, the plaintiff may move to remand to state court pursuant to 28 U.S.C. § 1447(c). A motion to remand based on a removal defect other than lack of subject matter jurisdiction must be made within thirty (30) days after the filing of the notice of removal. 28 U.S.C. § 1447(c).

However, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." *Id.*

## III. Discussion

The Court properly had jurisdiction over the First Amended Complaint when it was removed. The 18 U.S.C. § 1962 claims "arise under" federal law, and the state law claims "were part of the same nucleus of operative facts that allow[ed] the district court to assert supplemental jurisdiction over them in accord with 28 U.S.C. § 1367." *Pintando v. Miami-Dade Hous. Agency*, 501 F.3d 1241, 1242 (11th Cir. 2007). According to the Eleventh Circuit, if a district court has subject matter jurisdiction at the time of removal, subsequent acts, including an amendment that removes the only federal cause of action, do not divest the court of its jurisdiction. *Behlen v. Merrill Lynch*, 311 F.3d 1087, 1095 (11th Cir. 2002) (citing and extending *Poore v. American–Amicable Life Insurance Co. of Texas*, 218 F.3d 1287, 1290–91 (11th Cir. 2000)); *see also Bayshore Ford Trucks Sales, Inc. v. Ford Motor Co.*, 299 Fed. App'x. 943, 944 (11th Cir. 2008) [1] ("[W]hen a court involuntarily dismisses one federal claim and the plaintiff, in the amended complaint, voluntarily abandons the remaining federal claim, the court is not precluded from continuing to exercise its supplemental jurisdiction."); *Carnegie–Mellon Univ. v. Cohill*, 484 U.S. 343, 345

---

[1]   While unpublished opinions are not considered binding, they may be considered as persuasive authority. *See* 11th Cir. R. 36-2; *see also United States v. Futrell*, 209 F.3d 1286, 1289 (11th Cir. 2000).

(1988) (holding that the district court retained discretion to exercise jurisdiction over supplemental claims after the plaintiff abandoned the federal claims on which removal was originally based). Indeed, "the time of removal is the critical jurisdictional juncture." *Lake Cty. v. NRG/Recovery Grp., Inc.*, 144 F. Supp. 2d 1316, 1319 (M.D. Fla. 2001) (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 293 (1938)).

Plaintiff's original Complaint in this case contained state law claims as well as federal RICO claims under 18 U.S.C. § 1962(a), § 1962(c), and § 1962(d). After the Court dismissed the §1962(a) claim, with prejudice, Plaintiff voluntarily abandoned the remaining § 1962 claims by not including them in the Second Amended Complaint. As explained, this does not divest the Court of supplemental jurisdiction.

The remaining question then is whether the Court *should* exercise supplemental jurisdiction, pursuant to 28 U.S.C. § 1367. Supplemental jurisdiction "is a doctrine of discretion," and it "need not be exercised in every case where it is found to exist." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966). When determining whether to exercise or decline supplemental jurisdiction, courts consider the following:

> (1) whether the state law claims predominate in terms of proof, the scope of the issues raised, or the comprehensiveness of the remedy sought; (2) whether comity considerations warrant determination by a state

Case No. 3:16-cv-00035/MCR/EMT

> court (i.e., is the state claim novel or particularly complex such that an accurate definitive interpretation of state law is necessary); (3) whether judicial economy, convenience, and fairness to the litigants would best be served by trying the federal and state claims together; and (4) whether "the state claim is so closely tied to questions of federal policy that the argument for exercise of pendent jurisdiction is particularly strong."

*L.A. Draper & Son v. Wheelabrator-Frye, Inc.*, 735 F.2d 414, 428 (11th Cir. 1984) (*Gibbs*, 383 U.S. at 726–27).[2]  The stage of the federal court proceedings weighs heavily in the Court's consideration of these factors.  Notably, "if the federal claims are dismissed prior to trial, *Gibbs* strongly encourages or even requires dismissal of the state claims." *L.A. Draper & Son*, 735 F.2d at 428.  Elimination of federal law claims "at an early stage of the litigation" is "a powerful reason to choose not to continue to exercise jurisdiction." *Carnegie-Mellon*, 484 U.S. at 351.

Defendant correctly observes that courts are "instructed to guard against a plaintiff's decision to delete a federal claim solely for the purpose of defeating an otherwise proper removal by the defendant." *Lieu v. Sandy Sansing Cars, Inc.*, 2007 WL 4287642, at *2 (N.D. Fla. Dec. 5, 2007).  However, in this case, given the Court's Order granting Defendant's Motion to Dismiss, ECF No. 35, there are other reasons why Plaintiff may have chosen not to continue pursuing her federal law

---

[2] Although these factors were articulated by the Supreme Court prior to the codification of § 1367, the considerations have survived codification. *Palmer v. Hosp. Auth. of Randolph County*, 22 F.3d 1559, 1569 (11th Cir. 1994).

Case No. 3:16-cv-00035/MCR/EMT

claims—namely, the requirement that she plead additional facts to survive a motion to dismiss.

**Accordingly:**

1. Plaintiff's Motion to Remand, ECF No. 46, is **GRANTED**.

2. The case is **REMANDED** to the Circuit Court of Escambia County, Florida.

3. The Clerk is directed to take appropriate steps to effect the remand.

4. All motions pending other than the Motion to Remand are left for resolution by the Circuit Court of Escambia County, Florida following remand.

    **DONE and ORDERED** this 16th day of December, 2016.


*M. Casey Rodgers*

**M. CASEY RODGERS**
**CHIEF UNITED STATES DISTRICT JUDGE**

Case No. 3:16-cv-00035/MCR/EMT